UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| REVEREND SARAH MONROE; TIM QUIGG; AND APRYL OBI BOLING<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ABERDEEN, a municipal corporation; ERIK LARSON, Mayor of the City of Aberdeen; and KRIS KOSKI, City Engineer,<br><br>Defendants | Case No.: 3:18-cv-05949-RBL<br><br>MOTION IN OPPOSITION TO PLAINTIFFS REQUEST FOR TEMPORARY RESTRAINING ORDER |

## INTRODUCTION

Defendants City of Aberdeen, Honorable Erik Larson, Mayor of the City of Aberdeen, and Kris Koski, City Engineer of the City of Aberdeen (together "City" or "Defendants") respectfully submit this opposition to Plaintiffs' motion for a temporary restraining order ("TRO Motion").  This opposition is timely filed pursuant to LCR 65(b)(5)(2); Defendants received service shortly after 3:00 pm on Tuesday November 20, 2018; the deadline for response fell on a date that is a legal holiday as defined by Fed. R. Civ. P.6.  Thursday, November 22 was the statutorily defined date for observing Thanksgiving Day (Fed. R. Civ. P.6 (A)), and Friday

MOTION IN OPPOSITION TO PLAINTIFFS REQUEST FOR TEMPORARY RESTRAINING ORDER - 1

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (306)537-3231

November 23 was declared a holiday ("Native American Heritage Day") by the State of Washington (Fed. R. Civ. P.6 (C)).

In August 2018, the City purchased a nuisance property under its abatement program (Affidavit Erik Larson) located between the flood-prone Chehalis River and an active commercial rail yard, with limited vehicle accessibility (Affidavit Kris Koski; Appendix). The nuisance property was also the site of an unpermitted homeless encampment whose population has grown to over 100 individuals. (Affidavit Steve Shumate). Individuals residing at the property have driven across the adjacent rail tracks, damaging tracks and switching mechanisms which could lead to catastrophic accidents damaging human health and the environment. In May 2018, a person trespassed through the rail yard to access the homeless encampment, and in a tragic turn suffered a double amputation when the train she was crawling under rolled over her and crushed her legs. (Affidavit Tom Hubbard). There are no utilities or services at the property to treat the normal waste production of human habitation. (Affidavit Kris Koski, Affidavit Tom Hubbard)

Upon its purchase, the City exercised reasonable police powers to administratively limit access to the property. (Affidavit Erik Larson) The City made a humane attempt to allow individuals to continue to camp on the property on condition of abiding by applicable laws and regulations. (Affidavit Erik Larson; Affidavit Kristopher Koski) The City also recognized and attempted to make arrangements by the least restrictive means necessary, given the circumstances of the property, for aid and assistance which could include religious or spiritual counseling if the requestor so chose. (Affidavit Kris Koski)

Plaintiffs challenge the administrative process developed by the City, and here seek a TRO not only for themselves, but for any person from entering the property. Specifically,

MOTION IN OPPOSITION TO PLAINTIFFS REQUEST FOR TEMPORARY RESTRAINING ORDER - 2

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (306)537-3231

Plaintiffs ask the Court to bar the City "from interfering with pedestrian access" without limitation to the location as though it were a public forum or a site generally accessed by the public (Plaintiff's Proposed TRO at 1.).

### LEGAL ANALYSIS

#### Issuing a Temporary Restraining Order.

Courts in the Ninth Circuit apply the same analysis for deciding on the application for a Temporary Restraining Order as is used with a Preliminary Injunction. *McCarthy v. Servis One, Inc.*, 2017 U.S. Dist. LEXIS 32622, at *9-10 (N.D. Cal. Mar. 7, 2017). Here, Plaintiffs must meet one of two variants of the four-prong test: (a) likelihood of success on the merits; (b) a showing of irreparable harm in the absence of injunctive relief; (c) balance of equities tips in the movant's favor; and (d) injunction is in the public interest. *Stormans Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009).

The 9th Circuit applies a sliding standard of the test if there are serious questions going to the merits, that is a less-than likely success on the merits. Serious questions are those that cannot be resolved at the hearing on the injunction, and as to which the Court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo. *EEOC v. Evans Fruit Co.,* 2010 U.S. Dist. LEXIS 146991, at *21-22 (E.D. Wash. Oct 26, 2010). The sliding test is considered if the balance of hardships tips sharply in the movant's favor and the other two prongs are satisfied. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

#### Plaintiffs are not likely to succeed on the merits of their case.

MOTION IN OPPOSITION TO PLAINTIFFS REQUEST FOR TEMPORARY RESTRAINING ORDER - 3

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (306)537-3231

Policies alleged to restrict free speech is subject to a "forum analysis". *Walker v. Tex. Div., Sons of Confederate Veterans, Inc.,* 135 S. Ct. 2239, 2250 (2015). Plaintiffs do not subject their argument to the required forum analysis.

Plaintiffs provide a compelling narrative of impingement of First Amendment rights as they may attach to public forum. Plaintiffs' arguments do not, however, support their preferred conclusion in a non-public forum such as the River Street property. Even if the space were a public forum, the City established regulatory controls that are content-neutral and legitimate time, place, and manner restrictions. "The First Amendment does not guarantee access to property simply because it is owned or controlled by the government." *United States Postal Serv. v. Council of Greenburgh Civic Assn's.*, 453 U.S. 114 (1981).

In the three categories of public property for the public forum analysis, Plaintiffs appear to argue that the narrow sliver of land upon which an unpermitted homeless encampment has developed falls most properly into a traditional public forum analysis. They appear to overlook that the isolated property, located on fill lands between a river and rail yard, has not traditionally been used for public assembly and debate. In fact, the property could not support such a forum as it is undeveloped land without an improved roadway (see e.g. Affidavit Kristopher Koski, and Affidavit Tom Hubbard).

Plaintiffs may then purport that, by granting conditional permission for a limited number of individuals to use the land for temporary shelter the City has created a limited public forum. It is antithetical that the Court could punish the City for taking humane actions in support of shelter, to then describe the site as a limited public forum when the City clearly and repeatedly has noted the compelling life-safety and public health concerns of the property.

MOTION IN OPPOSITION TO PLAINTIFFS REQUEST FOR TEMPORARY RESTRAINING ORDER - 4

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (306)537-3231

Under the first two for a, the City has established that it has imposed reasonable content-neutral time, place, and manner restrictions for the compelling governmental interest of protecting life-safety, public welfare, and environmental health and it has done so using the least restrictive means.

The City argues, instead, that the River Street property is a non-public forum, and therefore may regulate access "as long as the regulation … is reasonable and not an effort to suppress expression." *Arkansas Educational Television Comm'n v. Forbes,* 523 U.S. 666, 679 (1998). Given the known life-safety and public welfare risks at the site, requiring permission to access the property is a reasonable attempt by the City to address those concerns. Publicly available aerial photos also show the property, and clear evidence of encampments at the site does not occur before 2013. (Affidavit Kris. Koski).

Plaintiffs cannot show they are likely to succeed on the merits of their case.

Showing of Irreparable Harm Absent Injunctive Relief

None of the Plaintiffs have shown irreparable harm. "mere assertion of First Amendment rights does not automatically require a finding of irreparable injury. It is the purposeful unconstitutional suppression of speech [that] constitutes irreparable harm for preliminary injunction purposes." *CTIA-The Wireless Ass'n v. City of Berkeley, California*, 854 F.3d 1105, 1123 (9th Cir. 2017).

Reverend Sarah Monroe has been contacted to provide some work plan so the City may identify who and where access is needed including an offer of assistance to transport individuals from the property to her vehicle; she has not been cited (Affidavit Steve Shumate). Apryl Obi Boling has, according to her own statement, continued to access the property, and has not been cited- her fears of arrest could readily be addressed by

MOTION IN OPPOSITION TO PLAINTIFFS REQUEST FOR TEMPORARY RESTRAINING ORDER - 5

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (306)537-3231

requesting access and including the plan she has outlined to the court in her Affidavit. Tim Quigg's harm could be addressed by requesting access and outlining the aid and assistance he provides to individuals staying at the property. Each of the Plaintiffs have shown they are unwilling to act reasonably with respect to the City's attempt to maintain life-safety at the property.

### Balance of Equities Does Not Tip in Plaintiffs' Favor

When reviewed with respect to the equities of the Plaintiffs' interests in protected speech, the City's compelling interest to maintain public life-safety given the history of accidents and proximity to unsafe facilities must be seen as the tipping the scales significantly in favor of the City.

### Injunction is Not in the Public Interest

The prohibition on the abridgment of freedom of speech is not absolute, and may be reasonably regulated as to time, place and manner of expression so long as those restrictions are content-neutral, narrowly tailored to serve a governmental interest, and leave open ample alternative channels of communication. The effect of employing the extraordinary remedy of a TRO creates a near impossible burden on the City in its efforts to protect human health and welfare at the property.

To obtain the relief requested, Plaintiffs must "establish[] that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harms in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Resource Defense Council, Inc.,* 555 U.S. 7, 20, 2008 (*internal cites omitted*). In this case, Plaintiffs simply have not met their burden.

### RELIEF REQUESTED

MOTION IN OPPOSITION TO PLAINTIFFS REQUEST FOR TEMPORARY RESTRAINING ORDER - 6

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (306)537-3231

Defendants herein respectfully move the Court to Deny the Motion for TRO, and other remedy as may be equitable and just.

Respectfully submitted this 26 day November 2018.

/s/ Mary Patrice Kent

Mary Patrice Kent, WSBA # 42460
200 E. Market Street, Aberdeen, WA 98520
pkent@aberdeenwa.gov
Tel: (360) 537-3231
Fax: (360)531-9137

MOTION IN OPPOSITION TO PLAINTIFFS REQUEST FOR TEMPORARY RESTRAINING ORDER - 7

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (306)537-3231