UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| REVEREND SARAH MONROE; TIM QUIGG; and APRYL OBI BOLING,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ABERDEEN, a municipal government; ERIK LARSON, Mayor of the City of Aberdeen; and KRIS KOSKI, City Engineer,<br><br>Defendants. | NO. 3:18-cv-05949-RBL<br><br>PLAINTIFFS' MOTION FOR ATTORNEY'S FEES<br><br>**NOTE ON MOTION CALENDAR: March 8, 2019** |

Plaintiffs, Reverend Sarah Monroe, Tim Quigg and Apryl Obi Boling, move pursuant to 42 U.S.C. §1988 and LCR 7(d)(3) for an order awarding attorneys' fees and nontaxable expenses as the prevailing party on the judgment entered on February 6, 2019. *Dkt.* 31.

## I. LITIGATION HISTORY

Plaintiffs engaged the law firm of Carney Badley Spellman, P.S. to represent them in a suit challenging the lawfulness of a permit program promulgated by Mayor Larson. That permit program required anyone going onto the city property known as the River Property to visit homeless people camped there to first obtain a permit from the City of Aberdeen. Plaintiffs filed suit on November 19, 2018. *Dkt.* 1. At the same time, Plaintiffs filed a motion for a temporary restraining order, arguing that the permitting program violated their First Amendment rights of freedom of speech and freedom of religious exercise. *Dkt.* 2.

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES – 1
(3:18-cv-05949-RBL)

MON037-0001 56798725679872

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Attorney Todd Maybrown and the law firm of Allen, Hansen, Maybrown and Offenbecher associated with the Carney Badley law firm and Mr. Maybrown assumed the role of co-counsel for the Plaintiffs.[1] The Court held a hearing on December 12, 2018, and after hearing from counsel directed the parties to attempt to resolve as much of the case as possible. *Dkt*. 23.

The parties conferred and the defendants agreed to entry of an order prohibiting the City from maintaining a permit system. The Plaintiffs agreed to entry of an order that placed some reasonable time, place and manner restrictions upon them, which regulated their conduct when coming onto the River Front property. On December 27, 2018, the parties presented their proposed order to the Court; on December 28, 2018 the Court granted that motion and entered that order. *Dkt.* 27 & 28.

Thereafter, on January 24, 2019 the defendants served Plaintiffs with an Offer of Judgment and on February 1, 2019, the Plaintiffs accepted that offer. *Dkt.* 30. The Court entered judgment on February 6, 2019. *Dkt.* 31. The judgment permanently enjoined the City from maintaining any kind of permit requirement for visiting residents of River Camp and awarded judgment against the City in the amounts of $12,000, $3,000, and $3,000, in favor of Plaintiffs Monroe, Quigg and Boling, respectively. *Dkt.* 31.

## II. PLAINTIFFS' COUNSELS' EXPERIENCE AND HOURLY RATES

The experience and hourly rates charged by Plaintiffs' attorneys are summarized in the accompanying declarations of James Lobsenz, Todd Maybrown and David Whedbee. Attorney Lobsenz charges $450 an hour for services rendered in connection with litigation on First Amendment issues. *Decl. Lobsenz,* ¶9. Attorney Maybrown charges $600 an hour for his services, but has graciously agreed to seek no more than $450 an hour in this case. *Decl. Maybrown,* ¶ 7. Mr. Lobsenz has been practicing law for forty years and Mr. Maybrown has

---

[1] Following through with travel plans arranged many months earlier, Mr. Lobsenz left the country on November 28 and traveled with his wife to Hong to visit their daughter who lives there. He returned to Washington in mid-December. In his absence attorney Maybrown shouldered the entire burden of representing the Plaintiffs.

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES – 2
(3:18-cv-05949-RBL)

MON037-0001 56798725679872

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

been practicing law for 29 years. *Decl. Lobsenz*, ¶ 2; *Decl. Maybrown*, ¶ 3. Both of Plaintiffs' attorneys have previous litigation experience in cases involving First Amendment issues and attorney Lobsenz has taught a course on First Amendment law at the Seattle University School of Law for many years. *Decl. Lobsenz,* ¶ 6. As noted by Seattle attorney David Whedbee, an hourly rate of $450 per hour for their services is extremely reasonable and is well below what the normal market rate is for attorneys with their level of experience and expertise. *Decl. Whedbee*, ¶ 8.

### III. HOURS EXPENDED

All pre-filing investigation in this case, and all the legal brief writing in this case, was done by attorney Lobsenz. *Decl. Lobsenz*, ¶ 10. Attorney Maybrown alone handled the representation of the Plaintiffs at the hearing held on the motion for a TRO. *Decl. Maybrown,* ¶ 11. Both attorneys participated in the negotiations with counsel for defendants that led to the submission of a joint motion for entry of an injunctive order that resolved the Plaintiffs' claims for equitable relief. Negotiation of the Plaintiffs' damages claims, which ultimately were resolved by acceptance of the Defendants' Offer of Judgment, was handled largely by attorney Lobsenz. *Decl. Lobsenz*, ¶ 10; *Decl. Maybrown*, ¶12.

Attorney Lobsenz spent a total of 95.1 hours on this case prior to judgment as documented in the computer generated billing summary attached to his declaration. *Decl. Lobsenz*, ¶ 11. An itemization of litigation costs (the $400 filing fee) is also attached to his declaration. Attorney Maybrown spent a total of 66.6 hours working on this case,[2] and incurred $1,071.27 in litigation expenses prior to judgment, as documented in the draft invoice attached to his declaration. *Decl. Maybrown*, ¶13.

---

[2] Mr. Maybrown has chosen not to request any award of fees for time he spent conducting an initial review of the case on October 22, 2018. *Decl. Maybrown*, ¶13 n.2.

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES – 3
(3:18-cv-05949-RBL)

MON037-0001 56798725679872

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## IV. ARGUMENT AND AUTHORITY

### A. Plaintiffs are entitled to reasonable attorneys' fees and expenses.

Under 42 U.S.C. §1988, a plaintiff who prevails in at §1983 action "should ordinarily recover an attorneys' fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

The Plaintiffs are the prevailing parties in this case. They obtained all of the injunctive relief that they sought. *Dkt.* 31 at 1:17-21. They also obtained monetary relief by obtaining judgment for a total of $18,000. *Dkt.* 31 at 1:22-25.

### B. Plaintiffs' attorneys' fees are reasonable.

Plaintiffs are requesting a straight "lodestar" fee, the product of the number of attorney hours reasonably expended in the litigation multiplied by the attorneys' reasonable hourly rates of compensation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The lodestar calculation also includes the number of hours reasonably spent by paralegals and investigators. *See Missouri v. Jenkins*, 491 U.S. 274, 277 (1989).

Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno*, 534 F.3d at 1111. The number of hours to be compensated is calculated by considering whether the time could reasonably have been billed to a private client. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. at 434). As a general rule, "the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case." *Id.* at 1112. This principle applies with particular force where, as here, plaintiffs are employed on a contingency basis. *See Id.* ("[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee.").

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES – 4
(3:18-cv-05949-RBL)

MON037-0001 56798725679872

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

### 1. Plaintiffs were completely successful.

"The most critical factor [in determining the reasonableness of a fee award] is the degree of success obtained." *Hensley*, 461 U.S. at 436. In this case, Plaintiffs were totally successful. They brought suit to enjoin the Defendants from enforcing the City's permit system which required Plaintiffs to obtain a permit before they could go onto the River Front Property and visit the homeless people residing there. The Plaintiffs obtained a judgment that includes an injunction that prohibits Defendants from operating such a permit system. *Dkt.* 31 at 1:17-21. In addition, Plaintiffs obtained a judgment for money damages to compensate them for the time period during which their First Amendment rights were violated by the operation of the permit system. *Dkt.* 31 at 1:18-22.

### 2. The hourly rates of Plaintiffs' counsel are reasonable.

"The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno*, 534 F.3d at 1114.

> As nearly as possible, market standards should prevail for that is the best way of ensuring that competent counsel will be available to all persons with bona fide civil rights claims. This means that judges awarding attorneys' fees must make certain that attorneys are paid the full value that their efforts would receive on the open market in non-civil rights cases.

*Hensley*, 461 U.S. at 447.

The hourly rates requested by Plaintiffs' counsel are more than reasonable. In fact, the hourly rates requested is low considering the range of hourly rates charged and recovered by attorneys of comparable experience in the local market for civil rights and other litigation. For example, in the summer of 2017, experienced civil rights attorneys at the law firm of MacDonald Hoague and Bayless charge $600 per hour (Tim Ford) and $500 per hour (Jesse Wing and Kay Frank).[3]

---

[3] *See Thomas v. Markert*, Case No. 3:15-cv-05346-BJR, Dkt. 246.

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES – 5
(3:18-cv-05949-RBL)

MON037-0001 56798725679872

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

### 3. The number of hours expended by Plaintiffs' counsel are reasonable.

There was no overlap or duplication of effort by Plaintiffs' attorneys. Attorney Lobsenz left the country for Hong Kong and Laos on November 28, 2018 and returned to the United States on December 16, 2018. During that time period attorney Lobsenz did no work on this case, and attorney Maybrown did all the work during this period of time. *Decl. Lobsenz*, ¶ 15. The total number of hours spent working on this case by Plaintiffs' attorneys is very reasonable. *Decl. Whedbee*, ¶¶ 9 and 10. Plaintiffs' counsel were "quite efficient," both in terms of hours expended and division of labor. *Id.* at ¶ 7. "They succeeded completely in obtaining an injunction and judgment for money damages from the City of Aberdeen." *Id.*

Plaintiffs seek compensation for 163.9 hours spent on this case by their attorneys (95.1 hours by attorney Lobsenz, 2.2 hours by attorney Cossette, and 66.6 hours by attorney Maybrown). *Decl. Lobsenz,* ¶¶ 11-12; *Decl. Maybrown*, ¶ 13. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation . . . ." *Hensley*, 461 U.S. at 435.

### 4. Plaintiffs' lodestar fee claim is reasonable.

With the exception of time spent preparing this motion for an award of attorneys' fees and costs, the Plaintiffs' lodestar claim for all the hours their counsel worked on this case at the hourly rate of $450 per hour[4] is reasonable. The Plaintiffs' lodestar calculation is as follows:

| TIMEKEEPER | RATE | HOURS | FEES |
|---|---|---|---|
| James Lobsenz | $450 | 95.1 | $42,795 |
| Todd Maybrown | $450 | 66.6 | $29,970 |
| Melia Cossette | $230 | 2.2 | $ 506 |
| | | Total: | $73,271 |

---

[4] Except for attorney Melia Cossette, the lodestar amount for all attorney work is calculated using the rate of $450 per hour. For the 2.2 hours worked by attorney Cossette Plaintiffs request that her work be compensated at the rate of $230 per hour. *Decl. Lobsenz*, ¶ 12.

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES – 6
(3:18-cv-05949-RBL)

MON037-0001 56798725679872

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

### 5. Plaintiffs are entitled to fees for time spent on the motion for an award of fees and litigation expenses.

A prevailing party under Section 1988 is entitled to recover fees for work performed in preparing a post-judgment motion for attorneys' fees. *See, e.g., Webb v. Ada County*, 285 F.3d 829, 835 (9th Cir. 2002); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1006) (fees for the preparation of fee petition). As with fees for the underlying litigation, a fee award for a fee petition is calculated using the lodestar method. *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 982 (9th Cir. 2008).

Plaintiffs have incurred additional fees for the post-judgment work preparing this petition for attorneys' fees and expenses. Based on the same hourly rate set out above, and a total of 8.4 hours spent by attorney Lobsenz, Plaintiffs claim a total of $3,780.00 in fees for this post-judgment work to date. *Decl. Lobsenz*, ¶ 13.

### 6. Plaintiffs' claim for costs is reasonable.

Pursuant to 28 U.S.C. § 1920 Plaintiffs are entitled to an award to reimburse them for their taxable costs. In this case, Plaintiffs' attorneys incurred litigation expenses of $400 (filing fee paid by the law firm of Carney Badley Spellman, P.S.) and $1,071.27 (travel expenses and Westlaw computer research charges paid by the law firm of Allen, Hansen, Maybrown & Offenbecher); thus Plaintiffs seek a total award of $1,471.27 for these litigation expenses. *Decl. Lobsenz*, ¶14; *Decl. Maybrown*, ¶13.

### V. CONCLUSION

Plaintiffs respectfully ask the Court to enter a supplemental judgment awarding them $77,051 for their reasonably incurred attorneys' fees and $1,471.27 for their out-of-pocket litigation costs.

DATED this 19th day of February, 2019.

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES – 7
(3:18-cv-05949-RBL)

MON037-0001 56798725679872

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

*s/ James E. Lobsenz*
James E. Lobsenz WSBA #8787
Attorneys for Plaintiffs
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020
Facsimile: (206) 467-8215

*/s/ Todd Maybrown*
Todd Maybrown WSBA #18557
ALLEN HANSEN & MAYBROWN
600 University, Suite 3020
Seattle, WA 98101
Phone: (206) 447-9681
Facsimile: (206) 447-0839
todd@ahmlawyers.com

Attorneys for Plaintiffs

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES – 8
(3:18-cv-05949-RBL)

MON037-0001 56798725679872

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2019, I electronically filed the foregoing **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Defendants**
M. Patrice Kent
CITY OF ABERDEEN
200 E Market St
Aberdeen WA 98520
Tel: (360) 537-3231
pkent@aberdeenwa.gov

John Justice, WSBA #23042
LAW, LYMAN, DANIEL, KAMMERER &
BOGDANOVICH, P.S.
P.O. Box 11880
Olympia, WA 98508
Tel: (360) 754-3480
jjustice@lldkb.com

DATED this 19th day of February, 2019.

                                       *s/ Deborah A. Groth*
                                       Legal Assistant

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES – 9
(3:18-cv-05949-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

MON037-0001 56798725679872